Benjamin Brenner, J.
A Kentucky corporation moves to dismiss the third-party action for lack of personal jurisdiction, claiming to be a corporation having no contacts in this State. The defendant third-party plaintiff and the plaintiff (the latter indicated on oral argument that he planned to add the moving third-party defendant as an additional defendant in the primary action) strenuously oppose dismissal, arguing that the Kentucky corporation transacts business within this State (CPLR 302, subd. [a], par. 1) and has “ committed a tortious act within the state ” (CPLR 302, subd. [a], par.-2). The main stress of their argument rests on their concept of the above-quoted phrase contained in the act which • sanctions personal jurisdiction by the New York courts over a nondomiciliary.
The precise questions posed are: What acts are intended by the section to form the basis for personal jurisdiction over nondomiciliaries, and secondly, how far does it permit the assumption of personal jurisdiction so as not to render it unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution?
The Kentucky corporation is a manufacturer of “ swivel boxes ” which it sold to the third-party plaintiff, a North Carolina manufacturer. The latter incorporated the “ swivel boxes ” in chairs sold to a distributor in New York, who resold one of them to the plaintiff’s employer. The swivel box is alleged to be an essential part of the chair which caused plaintiff’s injuries. It is, of course, immaterial whether the action be founded upon breach of warranty or upon negligence in regard to the requirement that a “ tortious ” act be committed in New York, since it has been held that a breach of warranty is a tortious act (Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432; Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5).
CPLR 302 was obviously enacted to take advantage of several United States Supreme Court decisions which had expanded the area of personal jurisdiction of the individual States over nondomiciliaries (International Shoe Co. v. Washington, 326 U. S. 310; McGee v. International Life Ins. Co., 355 U. S. 220). Prior to the enactment of this section, other States, particularly the State of Illinois, had already enacted statutes designed to afford that very advantage. In fact, our statute is modeled after *409 section 17 of the Illinois Civil Practice Act (Second Preliminary Report of Advisory Comm., pp. 469-478 [1958]). Now, while the Illinois statute was construed by the Illinois courts to have expanded the in personam jurisdiction of its courts to the limits permitted under the due process clause of the Fourteenth Amendment (Gray v. American Radiator & Sanitary Corp., 22 Ill. 2d 432), it is germane to inquire whether the New York statute was likewise intended to expand the jurisdiction of our courts that far, especially in the ease of manufacturers’ liability (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pp. 3-29).
The first group of New York cases which dealt with the statute involved manufacturers who either shipped or sold their products directly to purchasers in New York with actual knowledge that they were to be either resold or used in New York (Singer v. Walker, 21 A D 2d 285; Lewin v. Bock Laundry Mach. Co., 42 Misc 2d 599, affd. 22 A D 2d 854). The problem they presented was therefore relatively simple sincé there was no question but that the manufacturer was aware of and intended the resale or use in New York.
In Feathers v. McLucas (21 A D 2d 558), the court was dealing with a fact pattern closer to the one at bar. There, one of the defendants, a Kansas corporation, had manufactured a petroleum tank which it had sold to a Missouri trucking company, which carried the tank into New York, where it exploded. The court held the Kansas manufacturer subject to the personal jurisdiction of New York on the theory that the Kansas manufacturer should reasonably have foreseen that the tanks which it was manufacturing would be carried into various States, and thus reasoned that the requirement of due process had been achieved. It is to be observed that the defective product, in its entirety, as well as clear knowledge of use in this State, was there involved.
The fact pattern closest to the case at hand is found in Johnson v. Equitable Life Assur. Soc. (22 A D 2d 138) and there the court went still a step farther and held that the third-party defendant, a nondomiciliary manufacturer of a part, who sold the part to another nondomiciliary manufacturer who had incorporated it into a finished product which was sold in New York, was subject to the personal jurisdiction of the New York courts. In Johnson, the court relied on the Illinois court (Gray v. American Radiator, supra), which held that the nondomiciliary manufacturer of a valve who had sold the valve to a nondomiciliary manufacturer in another State, who had incorporated the valve in a hot-water heater and had then sold the hot-water heater in Illinois, was subject to the personal jurisdiction of the Illinois *410 courts, on the theory that the place of a wrong is where the last event takes place and on the further theory that public policy relative to modern methods of advertising and marketing require that the ultimate consumer be protected by the courts of the State of which he is a resident. Moreover, the Illinois court also ruled that it provided the most convenient forum for the trial.
Yet in Johnson (supra), relying though it did on the Illinois case, the court nevertheless refrained from specifically indicating whether it agreed with the legal or public policy basis enunciated in that ease. It merely found that there was a legally sufficient allegation that the nondomiciliary had committed a tortious act within this State and was thus amenable to the personal jurisdiction of this State within CPLR 302 (subd. [a], par. 2). However, it was there stated that 302 (subd. [a], par. 2) as thus applied was not unconstitutional in that the nondomiciliary knew that sales were to be made in New York and had also furnished some services in its-inspection of the finished product in New York. The court then took pains to point out that it did not find it necessary to determine whether the section would constitutionally extend to any component in an assembled machine, however trivial in function or cost, where there was not the remotest expectation or reasonable foreseeability by the maker that it would be introduced into New York.
The third-party defendant strenuously argues that the case of Arms v. Glassman (23 A D 2d 492) is authority for lack of personal jurisdiction and should be determinative of this motion. The record there indicates that the complaint had not alleged that the product which the nondomiciliary manufactured had either been purchased or delivered, directly or indirectly, to the plaintiff in New York. The only relationship between the nondomiciliary and NewYork was the fact of injury in New York. But in the case at bar it is alleged and not controverted that the third-party defendant knew that the swivel boxes which it was manufacturing were being made a part of a chair that was being sold throughout the country and, in particular, in New York. While the part itself may not be as costly' or as essential as the part involved in Johnson (supra), it is, nevertheless, a substantial part without which the finished product that allegedly caused this accident could not be made.
In sum, I conceive it to be essential to a finding that a non-domiciliary manufacturer, regardless of intervening transactions outside New York, is amenable to the personal jurisdiction of the New York courts under CPLB 302 (subd. [a], par. 2) if there be a reasonably anticipated sale in New York of the *411 specific product which caused the injury, by itself or as a substantial part of another product. The complaint in the action now before us does sufficiently make such an allegation of a tortious act in this State and thus appears to conform to the requirements of 302 (subd. [a], par. 2) which, on the authority of Johnson [supra), is constitutional under the due process clause of the United States Constitution. Additionally, since the witnesses to the occurrence which is the subject of this action are New York residents, this State would appear to be the most convenient forum for trial. The motion to dismiss is accordingly denied.