■ PHILIP NEWMAN, Respondent, v. CHARLES S. NATHAN, INC., et al., Defendants, and THAYER COGGIN INSTITUTIONAL, INC., Third-Party Plaintiff-Respondent. MIDDLETOWN MANUFACTURING CO., INC., Third-Party Defendant-Appellant.— In an action to recover damages for personal injury, Middletown Manufacturing Co., Inc., the third-party defendant, appeals from an order of

the Supreme Court, Kings County, entered April 12, 1965, which denied its motion to dismiss the third-party summons and complaint on the ground of lack of jurisdiction of its person. The main complaint alleged that plaintiff was injured in this State because of the collapse of a swivel chair manufactured by defendant Thayer Coggin, a North Carolina corporation, and sold by that corporation to defendant Charles S. Nathan, Inc., a New York corporation. Thayer Coggin served a third-party complaint on appellant, a Kentucky corporation, in Kentucky, alleging that appellant manufactured and sold to it swivel boxes for use on chairs manufactured by it and that, if plaintiff was injured, it was because of appellant's negligence in the manufacture of the swivel box used on the chair. Special Term held, in substance, that the third-party complaint sufficiently alleged a tortious act in this State so as to make appellant amenable to the personal jurisdiction of the New York courts under CPLR 302 (subd. [a], par. 2) (46 Misc 2d 407). Order reversed, without costs, and motion to dismiss the third-party complaint granted, without costs. (*Feathers* v. *McLucas,* 15 N Y 2d 443.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.