**ORAL ROBERTS UNIVERSITY,**
Plaintiff,

v.

**AUTOMATIC SWITCH COMPANY, a**
**foreign corporation, Defendant.**

**Civ. No. 69–C 296.**

United States District Court,
N. D. Oklahoma.
March 13, 1970.

382

George A. Farrar, Tulsa, Okl., for plaintiff.

Thomas R. Brett, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration the Defendant's Special Appearance and Motion to Quash and Plea to Jurisdiction.

Plaintiff alleges that a valve manufactured and sold by Defendant malfunctioned in one of Plaintiff's buildings in Tulsa, Oklahoma, in which it had been installed, causing extensive damage to the building and contents and requiring the expenditure of money for labor and other expense as a necessary result of said damage. Plaintiff's action is based on breach of express and implied warranties of fitness with reference to the valve.

By the pleading under consideration, Defendant contends that it is not subject to in personam jurisdiction in the State of Oklahoma. An evidentiary hearing had been conducted on said pleading at which evidence was introduced. An Affidavit has been filed herein with reference to the matter under consideration. The parties have briefed the question.

The Court is of the opinion that it has personal jurisdiction over the Defendant under an Oklahoma "long arm" statute, 12 Okl.St.Ann. 1701.03, which provides in part as follows:

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's: * * *

(4) causing tortious injury in this state by an act or omission outside this State if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;"

It appears that the Defendant manufactured the valve in question apparently in the State of New Jersey. It malfunctioned in Tulsa, Oklahoma causing the injury complained of herein and giving rise to this action. Breach of implied warranty sounds in tort and an injury sustained from such a breach of warranty is, thus, a "tortious injury" within the intent and meaning of the above statute.[1] The Defendant derived the following revenues from sales of its goods used in Oklahoma which the Court deems to be substantial within the meaning the above "long arm" statute:

| 1964 | $158,920 |
| 1965 | 153,860 |
| 1966 | 176,542 |
| 1967 | 177,085 |
| 1968 | 248,539 |

As the Court concludes that it has personal jurisdiction over the De-

1. Marathon Battery Company v. Kilpatrick, 418 P.2d 900 (Okl.1965), (Breach of Implied Warranty case—Manufacturer found strictly liable in tort); Fayette v. Volkswagen of America, Inc., 273 F.Supp. 323 (W.D.Tenn.1967), (Breach of Warranty without privity—claim for such breach is a hybrid tort—breach of contract claim); Newman v. Charles S. Nathan Inc., 46 Misc.2d 407, 259 N.Y.S.2d 637 (1965), (Breach of Warranty case—defective swivel on wheel chair—tortious injury under long arm statute); Singer v. Walker, 21 A.D.2d 285, 250 N.Y.S.2d 216 (1964), (Breach of Warranty case—defective hammer—tortious injury under long arm statute). Oklahoma no longer requires privity in breach of implied warranty cases, Speed Fastners, Inc. v. Newsom, 382 F.2d 395 (Tenth Cir. 1967), and has applied strict liability in tort in such cases. Marathon Battery Company v. Kilpatrick, supra. These facts of life give a breach of implied warranty claim the cloak of tort.

fendant under the above statute and facts presented to the Court, the Defendant's Special Appearance and Motion to Quash and Plea to the Jurisdiction is overruled. Defendant will answer the Complaint within fifteen (15) days from the date hereof.