## PUBLIC SERVICE COMPANY OF OKLA-HOMA, a Domestic Corporation, et al., Plaintiffs,

### v.

## BLACK & VEATCH, CONSULTING EN-GINEERS, a Partnership, Defendant.

### Civ. No. 69–C–51.

United States District Court, N. D. Oklahoma, Civil Division.

Nov. 4, 1971.

See also, D.C., 328 F.Supp. 14.

Joseph A. Sharp, Tulsa, Okl., for Public Service Co.

Joseph Best, Tulsa, Okl., for Great American Ins. Co., Phoenix Ins. Co., National Surety Co., and Lloyds of London.

Paul McBride, Bryan Tabor, Tulsa, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

The Defendant, the prevailing party in this case by the verdict of the jury and the judgment entered thereon, has applied for attorney fees pursuant to 12 Okl.St.Ann. § 936.[1]

This case is a products liability case tried on negligent design and breach of implied warranty of fitness.

It is not believed that this action is one of those enumerated in the above mentioned statute. The claim of negligent design is tort. An implied warranty of fitness is imposed by operation of law. In Oral Roberts University v. Automatic Switch Company, 310 F.Supp. 381 (N.D.Okl.1970), this Court concluded:

> "Breach of implied warranty sounds in tort and an injury sustained from such a breach of warranty is, thus a 'tortious injury' within the intent and meaning of the above statute [12 Okl. St.Ann. § 1701.03]." 310 F.Supp. at page 382.

1. This statute reads as follows:
"In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

Plaintiff therefore did not proceed herein to recover on an open account, a statement of account, an account stated, a note, a bill or a negotiable instrument. This is clear beyond any doubt. Nor, in the opinion of the Court, did Plaintiff proceed herein to recover on a contract relating to the purchase or sale of goods, wares or merchandise or for labor or services within the intent and purpose of the legislature in the use of such language in the passage of said statute. Rather, Plaintiffs proceeded herein essentially in tort and their action thus was not within the purview of said statute allowing a reasonable attorney fee to the prevailing party.

Accordingly, Defendant's Application for Attorney Fees is denied.