FRIGIQUIP CORPORATION, an Oklahoma Corporation, Plaintiff,

v.

PARKER-HANNIFIN CORPORATION, an Ohio Corporation, Defendant.

No. CIV–73–583–D.

United States District Court, W. D. Oklahoma.

Order Dec. 21, 1976.

On Objection May 23, 1977.

Larry D. Patton, B. J. Rothbaum, Jr., Oklahoma City, Okl., for plaintiff.

Walter D. Hanson, Oklahoma City, Okl., for defendant.

William H. Henderson, Oklahoma City, Okl., for Special Master.

## ORDER

DAUGHERTY, Chief Judge.

The Plaintiff and Defendant herein have each filed Objections to the Report of the Special Master filed herein. Plaintiff has filed an Application to the Court for Action on said Report and Objections thereto. After conducting a hearing on said Report and the Objections thereto, the Court enters the following rulings on the Special Report filed herein by the Special Master and the Objections of Plaintiff and Defendant thereto.

### PLAINTIFF'S OBJECTIONS

Plaintiff's first Objection is that it should recover damages for future repairs, that is, repair costs it will incur on claims to

be made to the Plaintiff in the future on the basis of a defective receiver-dryer and the Special Master has failed to allow such recovery. The Special Master found from the evidence that the great volume of claims based on a defective receiver-dryer was made in 1972 and 1973, such claims dwindled in 1974 and only minimal claims were made in 1975. In these circumstances the Special Master concluded that there was no reasonable probability of any future claims in any significant amount being made to the Plaintiff based on defective receiver-dryers furnished by Defendant. As it is not believed that this finding and conclusion is clearly erroneous but is supported by the evidence and the law, this Objection should be overruled and the Special Master's Report should be adopted in this regard.

■ Plaintiff's second Objection is that it should recover damages for the diminution in value of Plaintiff's business because of having received defective receiver-dryers from the Defendant and the Special Master has failed to allow such recovery. The Special Master found and concluded that the evidence did not support the contention that the value of Plaintiff's business was diminished by its experience with Defendant's defective receiver-dryers. In this regard the Special Master makes note that Plaintiff continued to do business with Winnebago and only lost a subsequent contract with Winnebago because Plaintiff's bid did not contain a satisfactory price. As it is not believed that this finding and conclusion is clearly erroneous but is supported by the evidence and the law, this Objection should be overruled and the Special Master's Report should be adopted in this regard.

## DEFENDANT'S OBJECTIONS

■ Defendant's first Objection is that the Report is clearly erroneous in allowing Plaintiff damages of $3.10 each for all (4,391) the receiver-dryers furnished Plaintiff by Defendant. It appears that this number of receiver-dryers was furnished Plaintiff by Defendant and that Plaintiff placed all of these in units which it marketed. However, the evidence discloses that there were only 870 defective receiver-dryers returned to the Plaintiff. The Special Master further found that considering the time period involved as above discussed the Plaintiff has now received all of the claims based on defective receiver-dryers that it would reasonably be expected to receive. The Court has adopted this finding of the Special Master. It therefore appears that the Report of the Special Master is clearly erroneous in allowing Plaintiff damages for receiver-dryers obtained from Defendant and which Plaintiff has used and sold in its units and on which no claim for defectiveness has been made to Plaintiff or is reasonably expected to be made to Plaintiff in the future. If this finding should be permitted to stand the Plaintiff would receive a windfall for the cost to it of a significant number of receiver-dryers furnished by Defendant. Plaintiff would be permitted to obtain this significant number of receiver-dryers from Defendant which Plaintiff thereafter sold for a price but for which Plaintiff would pay nothing to Defendant. It is believed this results in an improper award of damages. Accordingly, this portion of the Report of the Special Master should be modified to the extent that Plaintiff should not recover damages from Defendant in the sum of $13,612.10 for 4,391 receiver-dryers at $3.10 per receiver-dryer and this portion of the Report should be eliminated. In this regard the Report of the Special Master should be further modified to eliminate the deduction of $2,697.00 (870 receiver-dryers at $3.10 each) from the figure of $33,967.91 as set out in Page 4 of said Report. With these modifications Plaintiff should then recover judgment against the Defendant under the Report of the Special Master in the total amount of $46,012.05.

■ Defendant's Objection Number 2 is deemed to be without merit and should be overruled. The Special Master did not place the burden of proof on Defendant. The Special Master found that the Plaintiff had met its burden of proof. It is not

improper for the Special Master to simply observe that there was no evidence to the contrary.

Defendant's Objection Number 3 is that Plaintiff should recover no damages from it for any claims paid by Plaintiff on defective receiver-dryers which were paid by Plaintiff outside of Plaintiff's warranty to owners of its units. This Objection is believed to be without merit and should be overruled. The warranty Defendant alludes to was an agreement between Plaintiff and the owners of its units and not between Plaintiff and Defendant. If Plaintiff should desire to pay claims on defective receiver-dryers in its units and ignore the limits of its warranty with the owners of the units the Defendant has no standing to complain and this should not preclude Plaintiff from recovering its losses. Moreover, the defective receiver-dryers furnished by Defendant constituted a breach of implied warranty of fitness between Defendant and Plaintiff and it is on this basis that Defendant should respond in damages to Plaintiff for its actual losses and damages resulting from such breach. The Court adopts the findings and conclusions of the Special Master in this respect.

Defendant's Objections Number 4, 5, 6 and 8 will be treated together as they appear to be related. The Special Master reports that each claim made to Plaintiff and for which Plaintiff seeks recovery from Defendant was the subject of testimony from Plaintiff's expert witness as to causation for the claim being attributable to a defective receiver-dryer. This witness was cross-examined by Defendant. The Court is not able to say that the findings and conclusions of the Special Master regarding these claims are clearly erroneous. To the contrary the same appear to be supported by the evidence and the law. There is no requirement that the claims approved by the Special Master should be segregated by year, contain any certain format and be attached to the defective receiver-dryer involved. These Objections are deemed to be without merit and should be overruled. As the approval of the Special Master to claims

presented herein by the Plaintiff upon which recovery is sought against the Defendant is supported by substantial evidence and is not clearly erroneous the Court adopts the findings and conclusions of the Special Master in this regard and Defendant's Objections Number 4, 5, 6 and 8 should be overruled.

Defendant's Objection Number 7 is deemed to be without merit and should be overruled for the same reasons set out above regarding Defendant's Objection Number 2. The Special Master found that the Plaintiff established by evidence that there were no excessive component part failures in the units involved other than those caused by defective receiver-dryers obtained from the Defendant. It is not improper for the Special Master to observe that there was no evidence to the contrary.

Defendant's Objection Number 9 is a complaint that the parties were not given an opportunity to present requested findings of fact and conclusions of law and to point out the items involved and the position of the parties thereon. The Court is not aware that such procedure is a prerequisite to the validity of the Report of the Special Master. Rule 53, Federal Rules of Civil Procedure, does not so provide. No showing is made that such procedure was requested and denied by the Special Master. Nor is any showing of prejudice made as both parties have had an opportunity at the hearing before this Court to discuss the items involved and their positions thereon. This Objection is deemed to be without merit and should be overruled.

Defendant's Objection Number 10 is that the case of *Hoffer Oil Corporation v. Carpenter*, 34 F.2d 589 (Tenth Cir. 1929) cited in the Report of the Special Master is not applicable to this case. Some aspects of this case may not be applicable to this case but the test set out in this case and relied upon by the Special Master, namely,

"A reasonable basis for computation and the best evidence which is obtainable under the circumstances of the case and which [would] enable the jury to arrive at

an approximate estimate of the loss is sufficient.",

is applicable. This Objection is without merit and should be overruled.

On November 19, 1973 the Defendant filed a Counterclaim herein against the Plaintiff for monies owed Defendant on an open account in the amount of $22,749.02. By Reply to said Counterclaim Plaintiff denied it owed anything on said open account but later Plaintiff acknowledged that it owed the open account and that the same had no relation to the receiver-dryers involved in Plaintiff's Complaint. On July 18, 1975, shortly before the trial date of July 28, 1975, Defendant filed a Motion for Summary Judgment on its Counterclaim. The Plaintiff responded to said Motion in which Plaintiff asserted that it owed the amount claimed on the open account in said Counterclaim but that the open account "claim was based on matters wholly distinct and different from those in issue herein" and "payment was withheld to Parker-Hannifin, for purchases made on open account, under a theory of set off against damages which had been incurred by Frigiquip on account of the failure of receiver-dryers." Plaintiff then requested that any amount it owed Defendant under said Counterclaim be set off against Plaintiff's damages herein. Plaintiff also questioned whether interest should be taxed and attorneys fees should be recovered on the open account contained in Defendant's Counterclaim under the circumstances of this case.

At the start of the trial herein the parties agreed that Defendant's Motion for Summary Judgment on its Counterclaim and the matter of an attorneys fee thereon be reserved until conclusion of the trial.

 As the trial has now concluded Defendant should recover judgment on its Counterclaim against Plaintiff in the amount of $22,749.02 in view of Plaintiff having acknowledged that it owed the open account claim contained in said Counterclaim in said amount. Defendant requests interest on said amount from May 5, 1973 and a reasonable attorneys fee thereon pursuant to 12 Okla. Stat. 936. Plaintiff op-

poses both requests asserting that Defendant did not seek the recovery of interest in its Counterclaim and only claimed same in its Briefs; interest and an attorneys fee are not recoverable on Defendant's Counterclaim because of Plaintiff tendering the amount of the open account set out in Defendant's Counterclaim; because of Plaintiff's set off posture pursuant to 12A Okla. Stat. 2–717; and as Defendant was the prevailing party herein Defendant is not entitled to an attorneys fee under 12 Okla. Stat. 936. In this diversity case Oklahoma law determines the substantive right of Defendant to recover interest and attorneys fees on its Counterclaim. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

 The Court determines that Defendant is entitled to prejudgment interest and a reasonable attorneys fee on the amount of its open account claim as set out in its Counterclaim against Plaintiff. Though Defendant did not specifically seek prejudgment interest in its Counterclaim (Defendant did seek interest after judgment and a reasonable attorneys fee) it did seek therein, "such other relief as the Defendant may be entitled." And after Plaintiff objected to prejudgment interest on the Counterclaim Defendant did request prejudgment interest in its Briefs herein. The provisions of Rule 54(c), Fed.Rules Civ.Proc. support an award of prejudgment interest if Defendant is entitled thereto. This is a procedural matter and according to Rule 54(c), *supra*, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." See Wright and Miller, Federal Practice and Procedure: Civil § 2664. Also see *Schoonover v. Schoonover*, 172 F.2d 526 (Tenth Cir. 1949).

The record does not reveal that Plaintiff has made in its pleadings a tender of the amount of Defendant's Counterclaim. 12 Okla. Stat. 309 provides:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the

pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court."

The Court finds no tender in Plaintiff's pleadings herein. To the contrary, in Plaintiff's Reply to Defendant's Counterclaim, Plaintiff alleges that it did not owe the open account. Though this allegation was later conceded by Plaintiff to be incorrect no tender of the amount of the Counterclaim was made. Nor has Defendant deposited the amount of the Counterclaim in Court.

██ Plaintiff's claim that 12A Okla. Stat. 2–717 excuses it from interest and an attorneys fee is without merit. This statute reads:

"The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the *same contract*." (Emphasis added)

This statute clearly relates to offsetting rights regarding the same contract. Here it is admitted that the open account claim in the Counterclaim of Defendant has no relation to the contract or subject matter of Plaintiff's Complaint.

12 Okla. Stat. 936 provides:

"In any *civil action to recover on an open account*, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, *the prevailing party shall be allowed a reasonable attorney fee* to be set by the court, to be taxed and collected as costs." (Emphasis added)

Under this statute Defendant is entitled to a reasonable attorney fee on its open account. But Plaintiff says Defendant is not the prevailing party herein. Defendant did not prevail on Plaintiff's Complaint but did prevail on its "civil action to recover on an open account," as the same was set out in its Counterclaim against Plaintiff. The Court interprets such statute to allow an attorneys fee to Defendant upon Defendant prevailing on the open account in its Counterclaim regardless of the outcome of Plaintiff's Complaint.

Defendant is therefore entitled to interest at the rate of six percent[1] on $22,749.02 from May 5, 1973 to this date (date of judgment herein) or the amount of $4,947.92 and is also entitled to recover a reasonable attorneys fee on its Counterclaim in the agreed amount of 15 percent[2] of the amount of the open account or the sum of $3,412.35. As Plaintiff's recovery on its Complaint exceeds Defendant's recovery on its Counterclaim, Defendant is not entitled to post judgment interest on the amount of its Counterclaim. Therefore, Defendant is entitled to a total judgment on its Counterclaim including prejudgment interest and a reasonable attorneys fee in the amount of $31,109.34.

██ In its Complaint Plaintiff requested recovery of a reasonable attorneys fee and such other relief to which it may be entitled. Plaintiff is not entitled to either an attorneys fee or prejudgment interest on the recovery made herein under its Complaint. Plaintiff's recovery herein was based on a breach of implied warranty of fitness by Defendant in connection with the

---

1. The legal rate of interest in Oklahoma per 15 Okla. Stat. 266. Defendant is entitled to interest on its open account claim pursuant to 23 Okla. Stat. 6 which provides as follows:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

See *Wilcox Oil Co. v. Empire Oil of Texas*, 5th Cir., 195 F.2d 860.

2. The parties agreed as shown by Minute Order entered herein on September 12, 1975, that a reasonable attorneys fee for Defendant on its Counterclaim if Defendant is entitled to recover same would be 15 percent of the amount of the open account sued on in said Counterclaim which would be the amount of $3,412.35.

receivers-dryers. This Court in *Public Service Company of Oklahoma v. Black and Veatch, Consulting Engineers,* 333 F.Supp. 538 (N.D.Okl.1971) has held that one recovering on a breach of implied warranty of fitness is not entitled to an attorneys fee under 12 Okla. Stat. 936. Plaintiff's reliance on *Del Rey Air v. Expressway Airpark, Inc.,* 468 F.2d 187 (Tenth Cir. 1972) is misplaced. This case involved a "breach of contract * * * arising out of the purchase and sale of a used airplane." A claimed express warranty as a part of the contract was involved. Here Plaintiff's recovery on its Complaint was allowed solely on breach of implied warranty of fitness and not breach of express warranty. The matter of recovering an attorneys fee is controlled by *Public Service Company of Oklahoma v. Black and Veatch, Consulting Engineers, supra.* Plaintiff's recovery herein being for tortious injury but not involving personal injuries[3] Plaintiff is not entitled to prejudgment interest.

Hence, Plaintiff's recovery on its Complaint is in the amount of $46,012.05 and Defendant's recovery on its Counterclaim is in the amount of $31,109.34. By off-setting Defendant's recovery against Plaintiff's recovery, Plaintiff is entitled to have final judgment herein against the Defendant in the amount of $14,902.71 and costs which judgment will draw interest at the rate of ten percent[4] from the date judgment is entered herein.

In connection with the reference made herein to the Special Master, the Special Master has made application for his fee. In said application it appears the Special Master has expended 133 hours in time regarding the reference. This period of time appears reasonable to the Court considering the circumstances and nature of the reference. The Court determines that a reasonable Special Master's fee herein based on the time spent and the nature of the reference and the circumstances involved is in the amount of $5,000.00 Further, in the circumstances of this case, the Defendant is ordered to pay said Special Master's fee and do so within ten (10) days from the date hereof.

As modified herein the Report of the Special Master is adopted by the Court. The Court will enter an appropriate Judgment based on the foregoing and all proceedings herein to include the Report of the Special Master.

## ON OBJECTION TO CLERK'S TAXATION OF COSTS

The Court hereby withdraws its Order entered May 4, 1977, which overruled Plaintiff's Objection to Clerk's Taxation of Costs as untimely. Said Order was based on an erroneous record of the instant case which had omitted both the Court's Order of February 23, 1977, granting Plaintiff's requested extension of time until February 28, 1977, in which to file its objections to the Clerk's taxation of costs and Plaintiff's Application for said extension. As the corrected record of this case now stands, it appears that Plaintiff was granted a judgment pursuant to the Court's adoption of the report of the Special Master in this case on December 21, 1976, and judgment was entered on said date. Plaintiff timely filed a Bill of Costs with the Clerk of this Court on January 3, 1977, and costs of this action were taxed against Defendant by the Clerk on February 16, 1977. After an extension of time was granted, Plaintiff timely filed a Motion entitled "Objection to Clerk's Taxation of Costs" on February 28, 1977, in which Plaintiff requested the Court to review the taxation of costs as effected by the Clerk and award Plaintiff such costs as originally claimed in its Bill of Costs. Defendant has filed a Brief in opposition to said Motion and Plaintiff has filed a response to Defendant's Brief. As Plaintiff's Objection to Clerk's Taxation of Costs was timely filed, the Court will consider the same on its merits.

---

**3.** 12 Okla. Stat. 727 allows prejudgment interest in tort actions but only on a recovery of damages by reason of personal injuries. Plaintiff's action does not involve personal injuries.

**4.** 12 Okla. Stat. 727 provides for judgments bearing interest at the rate of ten percent per annum from the date of rendition.

Plaintiff's Objection to Clerk's Taxation of Costs lists the following specific objections to the taxation of costs by the Clerk in this case: (1) the disallowance of fees of a court reporter for the cost of a transcript necessarily obtained for use in the case in the amount of $2,132.00; (2) the disallowance by the Clerk of fees for exemplification and copies of papers necessarily obtained for use in the case, $12,813.54 having been claimed and $291.39 actually allowed; (3) the disallowance of the cost of copies of depositions of various witnesses, those depositions being introduced in evidence; (4) the disallowance of costs associated with the taking of depositions; (5) the disallowance of the fees of Plaintiff's expert witness; and (6) the allowance of only statutory mileage rates within the "100 mile rule" rather than allowance of actual expenses of witnesses and their fees.

■ Taxation of costs is in the first instance performed by the Clerk and his decision is reviewable by the Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Review of the Clerk's assessment of costs is a *de novo* determination addressed to the sound discretion of the court. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

28 U.S.C. § 1920 provides as follows:

"A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

In light of the above standards, the Court will now consider Plaintiff's specific objections to the Clerk's taxation of costs herein seriatim.

■ Plaintiff's first objection involves the Order of Reference entered in this case on November 4, 1975, which provides in part as follows:

"5. No record of the proceedings before the Master shall be made unless a request therefor is made by one of the parties who shall bear the expense thereof."

It appears that Plaintiff and Defendant entered into an agreement to divide the transcript cost equally and that each party paid the court reporter one-half of the transcription cost. Plaintiff subsequently sought to have its half of the transcription costs taxed as costs of this case. Plaintiff's argument is that as the transcript was used by both parties and the Court in this case and Plaintiff was the prevailing party herein, Plaintiff is entitled to have the total cost of the transcript taxed against Defendant. A similar issue was presented in the case of *Criner v. Micro-Westco*, 3 F.R.D. 495 (S.D. Iowa 1944). The court therein held that where each party had paid or advanced one-half of the reporter's fees, the total fee should be taxed as costs to abide the final judgment of the court in the absence of a stipulation to the contrary. In the instant case, it appears that the parties agreed to bear the transcript expenses equally pursuant to the terms of the Order of Reference and neither party herein asserts that said agreement entitled the prevailing party to recover its share of the transcription cost. From the information before the Court, it seems that as the agreement between the parties apparently did not provide for the recovery of the prevailing party's share of the cost of transcription, the parties intended said agreement to constitute a final settlement of the burden of transcript expenses under the terms of the Order of Reference. Therefore, the Court finds and concludes that Plaintiff's part of the transcription costs should not be recoverable as costs herein and was properly disallowed by the Clerk.

Plaintiff's second objection concerns the $12,813.54 claimed as fees for exemplification and copies of papers necessarily obtained for use in the case. Costs for these items were taxed in the amount of $291.39. Plaintiff has accepted the latter amount as the taxation of costs for copies of papers by way of xerography as set forth in Schedule 4 of Plaintiff's Bill of Costs wherein Plaintiff claimed a total of $698.29. However, Plaintiff objects to the disallowance of certain fees of its expert witness, Dr. Benjamin Mosier, as set out in Schedule 8 of Plaintiff's Bill of Costs and asserts that the following items should have been taxed as costs: the $9,329.25 claimed in Item 1 as Dr. Mosier's fees for the preparation of a certain analytic report actually introduced into evidence: the $2,737.50 claimed in Item 3 as Dr. Mosier's fees for further research and analysis, the results of which were introduced into evidence; and the $48.50 claimed in Item 4 as the cost of telephone calls concerning microprobe studies.

▉▉▉ Exemplification and copies of papers necessarily obtained for use in a case are an allowable cost for taxation under 28 U.S.C. § 1920(4). The definition of "exemplification" was considered in *Mikel v. Kerr*, 64 F.R.D. 93 (E.D.Okl.1974), *aff'd*, 499 F.2d 1178 (Tenth Cir. 1974) wherein it is stated:

"Exemplification is defined in Webster's New Collegiate Dictionary (2nd ed.) as a showing or illustrating by example. Exemplification therefore means more than obtaining or making a copy of something. It includes showing or demonstrating something by way of illustration or example and all that is reasonably necessary in this connection."

At page 1183 of the Court of Appeals' decision of the above case, the Court stated:

"Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court."

At the trial of the instant case, Dr. Mosier personally testified and his analytic report for which Plaintiff seeks costs was actually introduced into evidence. Although it appears that Dr. Mosier's report may have been necessarily obtained for use in this case, the Court is not convinced that the expenses of said report claimed by Plaintiff as costs are properly included as fees for exemplification within the meaning of 28 U.S.C. § 1920(4). Rather, the Court is inclined to agree with Defendant's position that the expenses claimed by Plaintiff in this regard seem to be more readily classified as Dr. Mosier's research expenses rather than the costs for exemplification of the results of said research. Therefore, the Court finds that the Clerk's disallowance of Items 1, 3 and 4 of Schedule 8 attached to Plaintiff's Bill of Costs was not improper.

Plaintiff's third objection to the Clerk's taxation of costs is that Plaintiff was allowed only $1,407.40 of the $2,089.60 claimed in Schedule 6 of Plaintiff's Bill of Costs as costs incident to taking of depositions. It appears that the amount of Plaintiff's claim which was allowed represents the cost of original transcription of the depositions, whereas, the disallowed portion of the claim represents the costs of copies of said depositions for Plaintiff's counsel. Plaintiff contends that the facts of this case, the length of proceedings, and the extensive use of said depositions demonstrate a sufficient showing of necessity to justify the taxation of the cost of copies of said depositions. Defendant contends that Plaintiff has failed to show that the deposition copies were a necessity and that Defendant should not be forced to pay for the expense of providing deposition copies for mere convenience of Plaintiff's counsel.

This Court previously considered the issue of whether costs of copies of depositions are taxable in *Semke v. Enid Automobile Dealers Association*, 52 F.R.D. 518 (W.D.Okl. 1971), *rev'd on other grounds*, 456 F.2d 1361 (Tenth Cir. 1972), wherein the Court stated:

"The case of *Perlman v. Feldmann*, 116 F.Supp. 102 (D.C.Conn.1953), is close in point and teaches that a showing of necessity is required to recover the costs of copies of depositions, the originals of which are on file, and that mere inconvenience is not sufficient."

In *Semke*, this Court found that the plaintiff's purchases of copies of certain depositions taken and filed by the defendants therein were not recoverable as costs as the plaintiff could have had the use of the filed originals as needed upon a proper request and showing. Therefore, plaintiff's purchase of copies was not necessary but was merely for his convenience.

Plaintiff argues that the instant case is clearly within the rule of *Perlman v. Feldmann,* 116 F.Supp. 102 (D.C.Conn.1953) which was relied on by this Court in *Semke, supra.* The Court in *Perlman* stated at page 110 of its opinion:

"It is implicit in the Rules that the party who notices a deposition shall initially stand the expense involved in this procedure. With the transcript on file all parties have a right to read it in the Clerk's office. In such a case, a purchase of a copy from the stenographer by any party is obviously for his private convenience and cannot be taxed as an expense 'necessarily obtained.' However, it is my view that the cost of the original copy on file with the Clerk under Section 1920(2) of the Code may be taxed in favor of the party who noticed the deposition if he shall have prevailed on the merits and if it was necessarily obtained in the sense that the taking of the deposition and its general content was reasonably necessary for the development of the case in the light of the situation then existing."

In the instant case, Plaintiff was allowed the original transcription costs of numerous depositions that were either used at various stages of this case or were introduced as evidence at the trial herein. Therefore, the amount taxed by the Clerk as costs would appear to be all that Plaintiff is entitled to under *Perlman, supra.* Furthermore, both Plaintiff's and Defendant's attorneys have offices located within a few blocks of the Clerk's office and the filed originals of said depositions were readily accessible for a considerable length of time prior to the trial of this action. On the contrary, the plaintiff's two attorneys in *Semke, supra,* were located ninety and two hundred miles respectively from the Clerk's office and yet this Court found that the expenses of copies of depositions were not recoverable as costs. The Court has simply not been persuaded herein that the additional copies of depositions that Plaintiff seeks to have taxed as costs were necessary for any purpose other than the convenience of Plaintiff's counsel in not having to make a trip to the Clerk's office in order to examine the depositions on file in this case. Therefore, the Court finds and concludes that the Plaintiff is not entitled to have the costs of copies of depositions in this case taxed as costs against Defendant and the Clerk's taxation of costs incident to the taking of depositions was not improper.

Plaintiff's fourth objection is to the Clerk's disallowance of the $1,601.28 claimed in Schedule 7 of Plaintiff's Bill of Costs as costs associated with the taking of depositions which were incurred by Plaintiff's counsel in the taking of various depositions. Plaintiff argues that the twelve depositions actually admitted were concerned with the testimony of witnesses from five states who, had they appeared in person, would have been entitled at a minimum to statutory witness subsistence and travel fees; that the trial of these proceedings was both shortened and simplified by virtue of the reception of this testimony in deposition form; and that Defendant is well able to bear the cost of the claimed expenses. Therefore, the various travel expenses necessarily incurred by Plaintiff's counsel in obtaining these depositions should be taxed as costs against Defendant.

Ordinarily, travel expenses of counsel in attending a deposition are not taxed as costs. *Alonso v. Union Oil Co. of California,* 71 F.R.D. 523 (S.D.N.Y.1976); *see Wahl v. Carrier Manufacturing Co., Inc.,* 511 F.2d 209 (Seventh Cir. 1975); *City Bank of Honolulu v. Rivera Davila,* 438 F.2d 1367 (First Cir. 1971); *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163 (Seventh Cir. 1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); 6 J. Moore, Federal Practice ¶ 54.77[4] and ¶ 54.77[8] (2d ed. 1976). However, it has been noted that the

cases seem to favor the proposition that the traveling expenses incurred in the taking of depositions are not taxable absent extraordinary and compelling circumstances. *Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5 (E.D.Mich.1970).

■ In the instant case, no extraordinary or compelling circumstances which would require that the amount claimed by Plaintiff for traveling and related expenses incurred by Plaintiff's counsel in connection with the depositions in this case appear to be present. Therefore, the Court finds and concludes that the expenses claimed in Schedule 7 of Plaintiff's Bill of Costs may not be taxed as costs and the Clerk properly disallowed the same.

Plaintiff's fifth objection to the Clerk's taxation of costs is to the disallowance of the $2,500.00 claimed in Schedule 8 of Plaintiff's Bill of Costs as the fees of Plaintiff's expert witness for actual testimony in court.

■ Expert witness fees are not a taxable cost. *Mikel v. Kerr, supra; Kaiser Industries Corp. v. McLouth Steel Corp., supra.* A prevailing party is allowed to have taxed as costs a regular witness fee of $20.00 per day for any witness in accordance with 28 U.S.C. § 1821. § 1821 provides in part as follows:

"A witness attending in any court of the United States, or before a United States commissioner, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $20 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 10 cents per mile for going from and returning to his place of residence. . . . Witnesses who are not salaried employees of the Government and who are not in custody and who attend at points so far removed from their respective residence as to prohibit return thereto from day to day shall be entitled to an additional allowance of $16 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance: *Provided,* That in lieu of the mileage allowance provided for herein, witnesses who are required to travel between the Territories and possessions, or to and from the continental United States, shall be entitled to the actual expenses of travel at the lowest first-class rate available at the time of reservation for passage, by means of transportation employed: . . ."

■ In view of the foregoing authorities, it appears that the costs taxed by the Clerk as fees for witnesses and itemized in Schedule 3A of Plaintiff's Bill of Costs are the only costs relating to Plaintiff's expert witness that are taxable against Defendant. Therefore, the $2,500.00 expert witness fee claimed by Plaintiff in Schedule 8 was properly disallowed by the Clerk.

Plaintiff's final objection to the Clerk's taxation of costs herein is to the allowance of only statutory mileage rates within the "100 mile rule." Plaintiff contends that the policy of the "100 mile rule" to protect the private, impecunious litigant is inapplicable as the parties herein are corporations and that the witnesses for whom actual travel costs are sought were particularly able to shed light on the transactions in dispute. Therefore, the actual expenses of these witnesses should have been taxed.

■ As discussed previously, witness fees are covered by 28 U.S.C. § 1821. Said statute allows actual expenses of a witness to be taxed only where the witness is required to travel between the territories and possessions of the United States or to and from the continental United States. However, it has been held that allowances may be made of items not authorized by the statutes for compelling reasons of justice in exceptional cases. *Euler v. Waller*, 295 F.2d 765 (Tenth Cir. 1961).

■ The circumstances of the witnesses in the instant case are not within the situations specified in § 1821 so as to entitle them to actual expenses. Likewise, the Court is not convinced that this case is exceptional and that compelling reasons of justice exist that require the actual ex-

penses of witnesses to be taxed as costs. Therefore, the Court finds and concludes that the Clerk's allowance of statutory mileage rates rather than actual expenses was proper.

Plaintiff's request for such costs as were originally claimed in its Bill of Costs and disallowed by the Clerk should be overruled.