FLEET INVESTMENT COMPANY,
INC., Plaintiff,

v.

Stanley ROGERS, Defendant.

No. CIV–77–0726–D.

United States District Court,
W. D. Oklahoma.

Sept. 27, 1978.

Gene A. Castleberry, Mary Kathleen Rhodes, Oklahoma City, Okl., William G. Jenkins, Seattle, Wash., Franklin Jay Kivel, Oklahoma City, Okl., for plaintiff.

John McKee, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This matter is before the Court on Plaintiff's Motion to Review Taxation of Costs. The Plaintiff has filed a brief in support of its motion and Defendant has filed a reply brief in opposition to the same.

Plaintiff brought this action against Defendant for odometer fraud under the odometer requirement provisions of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991. Defendant counterclaimed against Plaintiff alleging that Plaintiff had conspired to violate the federal odometer laws. At the close of the evidence at trial, the Court sustained Plaintiff's motion for a directed verdict on Defendant's counterclaim. Plaintiff's claim was tried to a jury and a verdict was returned in Plaintiff's favor. In accordance with 15 U.S.C. § 1989(a), the Court entered a judgment that Plaintiff was to recover from Defendant an amount equal to three times the jury award. Plaintiff timely filed its Bill of Costs and the Clerk taxed costs of the action against the Defendant on May 10, 1978.

In the instant motion Plaintiff disagrees with the mileage fees awarded by the Clerk for its witnesses from outside this judicial district. The Clerk limited this cost recovery to $20.00 per witness, based on the 100–mile radius of the Court's subpoena power. Plaintiff asserts that it is entitled to recover mileage fees for its witnesses based on their actual mileage as their personal attendance and testimony was justified in this case and as the federal odometer laws state that subpoenas for witnesses in actions under those laws may run into any other judicial district. In its brief Plaintiff identifies the witnesses whose actual mileage costs are sought as follows:

1. Ron Bingham of Seattle, Washington, who saw Rogers' advertisement about the car in the Tulsa paper, who inspected and negotiated the purchase of the car, who obtained the odometer statement from Rogers, and produced the prospect (Harry Everard) who leased the subject automobile from Fleet. Mr. Bingham was also the individual named by Rogers whose alledged [sic] knowledge of the actual mileage was transmitted or imputed to Fleet and who alledgedly [sic] conspired with Fleet to induce Rogers to violate the federal law, which latter allegation formed the basis for Rogers' counterclaim.

2. Robert Leggett of Joplin, Missouri, who testified that Mrs. Rogers, the wife of the defendant, stated that the odometer mileage was correct, at the time Bingham first inspected the car.

3. William Jenkins of Seattle, Washington, who was the attorney for Fleet in connection with this dispute in the State of Washington, who testified that he drew up the first draft of the release and settlement document executed by Fleet and its disgruntled lessee, Everard, who testified about his telephone conversation with Rogers during which Rogers claimed he had had the odometer set back 3,000 miles [at trial Rogers said 6,000 miles, though admitting he had told Jenkins and Everard 3,000] upon the advice of one of the dealers' servicemen [which he also recanted at trial], and who testified that

when bids were being solicited by Fleet in disposing of the car he offered the car back to Rogers, advising him of the then–highest bid. Although Jenkins was Fleet's Seattle attorney in this matter, his appearance as a witness precluded his service as counsel during the trial and he was excluded from the trial along with the other witnesses (except Gary Wilson).

4. Gary Wilson of Seattle, Washington, vice–president of the plaintiff corporation, who was the person who dealt with Bingham and Everard in negotiating for the car, working out the lease, and subsequently arriving at the settlement with Everard. Wilson had earned his usual 25% commission on the lease transaction but returned it to the company when the lease was cancelled, thereby reducing Fleet's actual damage claim by $452.25. Wilson, as the Fleet representative who dealt with Bingham, would have been the best witness on behalf of Fleet to rebut claims of a conspiracy.

The above witnesses traveled from Washington and Missouri. However, the Clerk allowed only mileage of $20.00 for each witness due to the 100–mile rule.

Defendant opposes Plaintiff's motion, contending that the Clerk was correct in not granting travel expenses for Plaintiff's witnesses based on mileage in excess of 100 miles. Defendant maintains that a subpoena outside the 100 mile limit of Rule 45(e)(1), Federal Rules of Civil Procedure, is allowable under the federal odometer laws only upon application and a showing of cause, and that in this case there was no application or cause shown. Defendant further asserts that the taxation of costs already allowed by the Clerk is excessive and burdensome. He requests that the Court adjust those amounts heretofore improperly awarded to the benefit of the Defendant.

■ The taxation of costs is in the first instance performed by the Clerk and his decision is reviewable by the Court pursuant to Rule 54(d), Federal Rules of Civil Procedure. Review of the Clerk's assessment of costs is a *de novo* determination

addressed to the sound discretion of the Court. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

28 U.S.C. § 1920 provides that a "judge or clerk . . . may tax as costs the . . (3) Fees and disbursements for . . . witnesses." Witness fees are provided for in 28 U.S.C. § 1821, which states that "[a] witness attending in any court of the United States . . . shall receive . . . 10 cents per mile for going from and returning to his place of residence. . . . ."

With regard to 28 U.S.C. § 1821, it is stated in 10 Wright & Miller, *Federal Practice and Procedure* : Civil § 2678, at 231–32 (1973):

> One of the major difficulties in applying the expense provisions in Section 1821 of Title 28 has been in determining the amount of mileage that should be allowed as a taxable cost. Prior to 1964, the mileage allowance generally had been limited by the territorial restrictions applicable to the subpoena. Accordingly, it was held that a witness could receive the statutory amount for a maximum of 100 miles to and from the place of hearing or trial.

In 1964, *Farmer v. Arabian American Oil Company*, reached the Supreme Court. The case was expected to settle the question whether the 100–mile limit on the subpoena deprives a district court of the power to tax the traveling expenses of a witness reasonably brought by the prevailing litigant from places beyond that distance. Unfortunately, there was no clear holding by the Court on the issue. It simply stated:

> We cannot accept either the extreme position of the company that the old 100–mile rule has no vitality for any purpose or Farmer's argument that a federal district court can never under any circumstances tax as costs expenses for transporting witnesses more than 100 miles.

Because the *Farmer* case only rejected the extreme positions, some courts have refused to abandon the 100–mile rule. However, most courts recognize that as a result of the *Farmer* decision it is within their discretion to grant mileage beyond 100 miles. Nonetheless, these same courts also have taken the position that the discretion conferred to tax mileage expenses beyond 100 miles is not as broad as the discretion available to the judge in computing costs in other contexts. (Footnotes omitted.)

As noted above, the Supreme Court has rejected the argument that federal district courts can never tax as costs expenses for transporting witnesses more than 100 miles. *Farmer v. Arabian American Oil Co., supra*, 379 U.S. at 232, 85 S.Ct. at 415. However, it added with respect to the 100–mile rule:

> That rule, we think, is a proper and necessary consideration in exercising discretion in this field. The century–and–a–half–old special statutory provision relating to service of subpoenas more than 100 miles from the courthouse is designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure.

*Farmer v. Arabian American Oil Co., supra*, 379 U.S. at 234, 85 S.Ct. at 416 (footnotes omitted).

The trend of decisions has been to limit travel expenses to 100 miles absent a showing of special circumstances. 6 Moore's *Federal Practice* ¶ 54.77[5.–1], at 1728 n. 9 (1976); Annot., Allowance of costs for witness' travel expenses in attending federal civil trial for purpose of testifying, 13 L.Ed.2d 1036 (1965). *See also, Frigiquip Corp. v. Parker Hannifin Corp.*, 75 F.R.D. 605 (W.D.Okl.1975). The factors that courts have considered are the relevancy and necessity of the witness' testimony, *Sperry Rand Corp. v. A–T–O, Inc.*, 58 F.R.D. 132 (E.D.Va.1973); *Kaiser Industries Corp. v. McTouth Steel Corp.*, 50 F.R.D. 5 (E.D.Mich.1970); *Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158 (S.D.N.Y.1969), and whether the party calling the out–of–state witness had attempted

**540**

to secure prior approval of the court for such expenses being taxed as costs, *Farmer v. Arabian American Oil Co., supra,* 379 U.S. at 234–35, 85 S.Ct. at 416.

 Applying these criteria, the Court is of the opinion that, in the exercise of its limited discretion, the Plaintiff should be permitted to tax herein against the Defendant its witnesses' mileage expenses in excess of the 100–mile limitation. The Congress has explicitly provided that in an action brought under the federal odometer laws, "subpoenas for witnesses who are required to attend a United States district court may run into any other district." 15 U.S.C. § 1990(b). Thus, the rationale behind any 100–mile limitation does not exist in the present situation. *See generally, United States v. Arizona Canning Co.,* 212 F.2d 532 (Tenth Cir. 1954); *United States v. Article of Drug,* 428 F.Supp. 278 (E.D.Tenn. 1976).

The Court finds that the testimony of Plaintiff's witnesses was both relevant and necessary for a proper adjudication of Plaintiff's claim and Defendant's counterclaim. The Defendant should be made to bear these expenses.

Accordingly, Plaintiff's Motion to Review Taxation of Costs is sustained. The Plaintiff will submit to the Clerk a revised Bill of Costs in accordance with this Order within 10 days of this date.

 In its response to Plaintiff's motion, Defendant apparently also requests review by the Court of the action of the Clerk in taxing costs. Rule 54(d), Federal Rules of Civil Procedure, which is set out in full on the back of the bill of costs form, provides that the action of the Clerk may be reviewed by the Court upon motion served within five days of taxing of costs. In the instant case, unlike Plaintiff the Defendant did not file a motion to review within the prescribed time period. Accordingly, Defendant's failure to timely serve a motion for review by the Court of the Clerk's taxation of costs requires that Defendant's request for such a review be denied. *Delaware Valley Mining Supply Co. v. American Tobacco Co.,* 199 F.Supp. 560 (E.D.Pa.1960); 6 Moore's *Federal Practice* ¶ 54.77(9), at 1755 (1976). *See also, Woods Construction Co. v. Atlas Chemical Industries, Inc.,* 337 F.2d 888 (Tenth Cir. 1964).

IT IS SO ORDERED.