**HORNSBY et al. v. TENNESSEE VALLEY AUTHORITY.**

Civ. No. 902.

United States District Court
E. D. Tennessee, S. D.
July 7, 1950.

Frazier, Roberts & Weill, Chattanooga, Tenn., for plaintiffs.

Joseph C. Swidler, Knoxville, Tenn., for defendant.

DARR, Chief Judge.

The plaintiff has moved the Court to retax the costs in this case. The costs were taxed on June 8, 1950 and plaintiff's motion to retax was filed on June 27, 1950, nineteen days later.

It is provided in Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.A., that "on motion served within 5 days (after taxed by the Clerk) the action of the clerk may be reviewed by the court." There is thus a limitation of five days within which the Court may review the tax bill.

This time limitation may be enlarged under Rule 6(b) if application therefor is

458

made before the time expires; or if made after the expiration of the time, it may be enlarged "where the failure to act was the result of excusable neglect".

No application was made for an extension of time within the five day period and no explanation is offered by the plaintiff as to the reason for the delay.

The case is very similar to United States v. One Ford Coupe, D.C., 26 F.Supp. 598, wherein a motion to retax costs was made on the sixth day after the Clerk had made up the tax bill. It was there held that the motion was too late. The Court said, "Had there been any reasonable excuse for the delinquency of the Defendant, Rule 6(b) provides a simple method whereby the time might have been extended. As the Defendant has failed to avail himself of this provision, the Court has no alternative but to apply the strict language of the act and to dismiss the motion for review".

In the absence of any explanation of the delay in this case, the Court is unable to review the tax bill and the motion is overruled.

Order accordingly.