**DELAWARE VALLEY MARINE SUPPLY COMPANY, Plaintiff,**

v.

**AMERICAN TOBACCO COMPANY et al.,**
**Defendants.**

**Civ. A. No. 22921.**

United States District Court
E. D. Pennsylvania.

Nov. 16, 1960.

Edwin P. Rome, of Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiff.

R. Sturgis Ingersoll, Philadelphia, Pa., for defendant The American Tobacco Co.

H. Francis DeLone, of Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant Philip Morris, Inc.

Joseph W. Swain, Jr., Philadelphia, Pa., for defendant Liggett & Myers Tobacco Co.

J. B. H. Carter, Philadelphia, Pa., for defendant R. J. Reynolds Tobacco Co.

Robert W. Sayre and Joseph N. Ewing, Jr., of Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant P. Lorillard Co.

Jay H. Eiseman, of Barba & Eiseman, Philadelphia, Pa., for Lipschutz and others.

STEEL, District Judge.

In this treble damage anti-trust action judgment was entered for the defendants. D.C., 184 F.Supp. 440. Thereafter six separate bills of costs were submitted by defendants to the Clerk for taxation. Being partially dissatisfied with the Clerk's taxation, plaintiff and defendants moved to have his action reviewed by the Court. By stipulation, the parties submitted their views upon briefs without oral arguments.

■ Plaintiff's motion to review the Clerk's taxation was not timely and must be denied. The Clerk's taxation was filed on Tuesday, September 13, 1960. The motion of plaintiff to review the Clerk's action was filed on Tuesday, September 20, 1960. F.R.Civ.P. 54(d), 28 U.S.C.A., authorizes a judicial review of the Clerk's taxation of costs, but provides that the motion for review must be served within 5 days after the Clerk has acted. Since a Sunday intervened between the dates when the "Clerk's Taxation of Costs" and the "Motion of Plaintiff's Review of Taxation of Costs" were filed, September 19, 1960 was the deadline fixed by Rule 6(a) for the filing of plaintiff's motion.

Plaintiff made no effort under Rule 6(b) to seek an enlargement of the time within which to file its motion. Under comparable circumstances it has been held that a petition for a review of a clerk's cost taxation must be dismissed. United States v. One Ford Coupe, D.C., 26 F.Supp. 598 (N.D.Pa.1939); Hornsby v. Tennessee Valley Authority, D.C., 10 F.R.D. 457 (E.D.Tenn.1950). Furthermore, Local Rule 35(b) of the Eastern District of Pennsylvania appears to make mandatory the dismissal of an untimely petition.

My views concerning the items of cost which the defendants claim were improperly disallowed, are as follows:

### Cost of Daily Copies of the Transcript

■ The Clerk properly disallowed this item. Under 28 U.S.C. § 1920(2) discretionary power is reposed in the judge or clerk to tax all or any part of the stenographic transcript if the same is "necessarily obtained for use in the case". At the moment I do not have a detailed recollection of the extent to which I made use of the daily copies. I recall generally, however, that at some points of the trial they were helpful to me. They probably were also of assistance to counsel. But this is not enough to warrant plaintiff being saddled with the cost of the daily copies. If at some times during the trial it may have been necessary to refer to the record with complete accuracy, copies of limited portions could have been obtained from the Reporter. While this procedure would have entailed some delay in the trial, the need for a precise reference to the record, as I recollect, occurred only sporadically. Under the circumstances it cannot fairly be said that the daily copies in their entirety were necessarily obtained for use in the case. If limited portions of daily copies of the transcript were necessarily obtained for use in the case, such portions have not been specified or claimed by defendants as taxable costs.

■ Following the failure of the jury to agree upon the first interrogatories submitted to it, the defendants moved for a judgment in their favor. Proper briefing and argument by counsel and a judicious consideration of the motion by the court made it essential for the record to be transcribed and for counsel to have copies thereof. Such cost as would have been applicable to non-daily copies so obtained (which cost, presumably, is included in the larger figure applicable to the daily copy cost which was disallowed) should be allowed and taxed against plaintiff. I hope that counsel will be able to agree on what this figure should be. If

**562**

they cannot, upon the submission of the facts to me, I shall fix it.

■ I have reached the above conclusion after a consideration of all of the authorities which the parties have called to my attention. Basically, however, taxation of the cost of copies of the record is a discretionary matter, the decision of which, depending upon the facts, will vary from case to case. The conclusion which I have arrived at appears to be the proper one under the facts before me.

### Cost of the Transcript of Pre-Trial Arguments

■ The defendant Liggett & Myers contends that the Clerk erroneously disallowed the cost of transcribing the pretrial arguments before Kraft, J., on September 17, 1957 and June 17, 1958, and before me on April 14, May 14, and November 24, 1959. These arguments dealt with objections to interrogatories, motions to compel deposition witnesses to answer questions, for leave to amend the complaint, and to certify a question to the Court of Appeals. A review of these transcripts and related papers indicates that, except for the twenty-nine-page transcript of the argument before Judge Kraft on June 17, 1958, none were necessary for use in the case either by counsel or by me. A different conclusion is not required because the ruling which I made on the matter argued before me on November 24, 1959 was contained at pp. 21–24 of the transcript. I am not certain whether an order was entered consistent with my ruling; but even if no such order was entered it could have been, and it was not necessary to prepare a transcript of the argument to preserve the ruling.

The cost of transcribing the argument before Judge Kraft on June 17, 1958 should be allowed. The order which I entered on October 6, 1958 states that all counsel agreed that the motion argued before Judge Kraft on June 17, 1958 should be determined by me "on briefs filed and argument theretofore had before Kraft, J." Obviously, I could make no disposition upon the basis of any argument presented to Judge Kraft unless I

had a transcript of it before me. The transcript was therefore necessary for use in the case.

### Cost of the Transcripts of Post-Trial Arguments

■ The argument of the defendant Liggett & Myers to the contrary notwithstanding, the Clerk properly disallowed the cost of transcribing the arguments which took place on March 25, April 1 and April 21, 1960. These dealt, for the most part, with the motions of the defendants for directed verdicts, and, in minor part, with the motion of Reynolds to strike certain portions of plaintiff's brief opposing the directed verdict motions. Prior to the arguments the motions had been fully briefed by the parties. Although the transcripts were of some convenience to the Court in ruling upon the motions, they were in no sense necessary for use in the case.

Let an order be submitted consistent with the rulings herein.