200 F.3d 624 (9th Cir. 1999)
 CLARKE F. WALKER; EUGENE ASAI; JOSEPH LINDSAY; DUANE MORLAN; WAYNE TELLIS; RICHARD HARRIS; CONNIE JONES-ROOT; JACKY PARKS; JOANNA DEITER; JOSE SANCHEZ, Plaintiffs-Appellants,
v.
STATE OF CALIFORNIA, Defendant,
and
RICHARD WEIBE, Defendant-Appellee.
 No. 98-16565
 U.S. Court of Appeals for the Ninth Circuit
 Submitted December 10, 1999[1]
Filed December 30, 1999
 
 Leo F. Donahue, Gold River, California, for the plaintiffs-appellants.
 Rex-Ann S. Gualco, Littler Mendelson, Sacramento, California, for the defendant-appellee.
 Appeal from the United States District Court for the Eastern District of California; Lawrence K. Karlton, Chief Judge, Presiding. D.C. No. CV-96-01527-LKK/JFM
 Before: Charles Wiggins, Diarmuid F. O'Scannlain, and Michael Daly Hawkins, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clarke F. Walker et al. (collectively "Appellants") appeal the district court's taxation of costs against them in favor of appellee Richard Weibe. We have jurisdiction under 28 U.S.C. S 1291. We AFFIRM because we find that Appellants have waived their right to demand judicial review of the cost award.
 
 I.
 
 2
 Appellants are the plaintiffs in a civil action against the Department of Insurance of the State of California ("DOI") and other defendants. Among these defendants was Weibe, who was sued both as an individual and in his official capacity as the DOI's Director of Public Affairs.
 
 
 3
 On March 13, 1998, the district court entered judgment in favor of Weibe insofar as he was being sued in his individual capacity. Ten days later, Weibe filed a bill of costs with the district court clerk, claiming $33,968.96 in costs against Appellants. On July 22, 1998, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the court clerk approved the bill of costs, awarding $33,968.96 in costs to Weibe. Appellants did not object to the award in district court, nor did they otherwise seek judicial review of the award until they filed this appeal on August 21, 1998.
 
 II.
 
 4
 We decline to reach the merits of this appeal because we find that Appellants have waived their right to challenge the cost award. Rule 54(d)(1) of the Federal Rules of Civil Procedure authorizes the district court to review a cost award upon "motion served within 5 days" after the court clerk has taxed such costs[2]. Althoughthe Ninth Circuit has never ruled on whether a failure to make a timely objection to a cost award results in waiver of the right to challenge the award, the Fourth, Fifth, and Seventh Circuits have. See Prince v. Poulos, 876 F.2d 30, 33-34 (5th Cir. 1989); Rowe v. Maremont Corp., 850 F.2d 1226, 1244 (7th Cir. 1988); Gary v. Spires, 634 F.2d 772, 773 (4th Cir. 1980) (per curiam). All three of these circuits rely on the language of Rule 54(d)(1) to conclude that a failure to make a timely objection to a cost award constitutes waiver of the right to challenge the award.[3] Prince, 876 F.2d at 33-34, in particular is on point because it involved an appellant who challenged the award on appeal despite never having objected in district court.
 
 
 5
 District courts in the Third, Sixth, Tenth, and Eleventh Circuits similarly have read Rule 54(d)(1) to require a party to make a timely objection to a cost award if such party seeks judicial review of the award as a matter of right. See, e.g., Johnson v. Mortham, 173 F.R.D. 313, 316 (N.D. Fla. 1997); Alexandria Assocs., Ltd. v. Mitchell Co., 800 F. Supp. 1424, 1425 (S.D. Miss. 1992); Fleet Inv. Co. v. Rogers , 87 F.R.D. 537, 540 (W.D. Okla. 1978), aff'd, 620 F.2d 792 (10th Cir. 1980); Delaware Valley Marine Supply Co. v. American Tobacco Co., 199 F. Supp. 560, 561 (E.D. Pa. 1960); Hornsby v. Tennessee Valley Auth., 10 F.R.D. 457, 457-58 (E.D. Tenn. 1950).
 
 
 6
 In light of the language of Rule 54(d)(1) and ample persuasive authority from our sister circuits, we hold that a party may demand judicial review of a cost award only if such party has filed a proper motion within the five-day period specified in Rule 54(d)(1). In the instant case, Appellants never moved the district court to review the award. That fact, by itself, is dispositive. Moreover, even if we were to construe Appellants' Notice of Appeal as a motion for review within the meaning of Rule 54(d)(1), such motion was filed twenty-five days after the end of the specified five-day period -in other words, twenty-five days too late.
 
 
 7
 Based on these facts, we find that Appellants have waived their right to challenge the cost award. To the extent that we have any discretion to consider the challenge notwithstanding the waiver, we decline to exercise that discretion here.
 
 
 8
 Our finding of waiver is consistent with Ninth Circuit precedent in analogous contexts. For several of the Federal Rules of Civil Procedure, we have held that a failure to file a motion or to object within the allotted time results in forfeiture of the right provided by such rule. See, e.g., League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302-07 (9th Cir. 1997) (rejecting as untimely a motion to intervene made pursuant to Rule 24(a)(2)); Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's [Rule 72(a)] nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."); Mardesich v. Marciel, 538 F.2d 848, 849 (9th Cir. 1976) (per curiam) (holding that motions for jury trial made pursuant to Rule 39(b) should be "denied unless some cause beyond mere inadvertence is shown" to justify the party's failure to demand a jury trial withinthe time limits specified in Rule 38) (internal quotations omitted); see also FED. R. CIV. P. 12(h)(1) (stating that a failure to challenge personal jurisdiction, either by motion or in a responsive pleading, constitutes waiver). Rule 54(d)(1) is no exception.
 
 
 9
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See FED. R. A PP. P. 34(a)(2).
 
 
 [2]
 Rule 54(d)(1) states in relevant part: "Except when express provision there for is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . .. . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."
 
 
 [3]
 In Prince, 876 F.2d at 33-34, the Fifth Circuit refused to consider the appellant's challenge to a cost award because the appellant had failed to object to the award in district court. In Rowe , 850 F.2d at 1244, the Seventh Circuit affirmed the district court's refusal to consider the appellant's motion for a reduction of costs because the appellant had filed the motion after Rule 54(d)(1)'s five-day limit.
 Gary, 634 F.2d at 773, involved a different fact pattern. In Gary, the appellee received a cost award. Two months later, the appellee moved for an award of attorney's fees, which the district court granted. In reversing the district court, the Fourth Circuit ruled that the appellee's failure to object to the absence of attorney's fees in the initial cost award precluded him from later moving the district court for an inclusion of attorney's fees as part of the costs to which he was entitled.