**OTAY LAND COMPANY, a Delaware limited liability company; Flat Rock Land Company, Plaintiffs–Appellants,**

v.

**UNITED ENTERPRISES LTD., a California limited partnership; United Enterprises, Inc., a Delaware corporation; John T. Knox; The Otay Ranch LP, a California limited partnership; Baldwin Builders, a California corporation; Sky Communities, Inc., a California corporation; Sky Vista Inc., a California corporation; Olin Corporation, a Virginia corporation; Ray N. Enniss; Patrick J. Patek; Phil G. Scott; Rose B. Patek, in her capacity as the executrix of the Estate of Patrick J. Patek, Defendants–Appellees.**

Otay Land Company, a Delaware limited liability company; Flat Rock Land Company, Plaintiffs–Cross–Appellees,

v.

United Enterprises Ltd., a California limited partnership; United Enterprises, Inc., a Delaware corporation; John T. Knox; The Otay Ranch LP, a California limited partnership; Baldwin Builders, a California corporation; Sky Communities, Inc., a California corporation; Sky Vista Inc., a California corporation; Olin Corporation, a Virginia corporation; Ray N. Enniss; Phil G. Scott; Patrick J. Patek; Rose B. Patek, in her capacity as the executrix of the Estate of Patrick J. Patek, Defendants–Cross–Appellants.

690

Nos. 06–56132, 07–56514, 07–56515, 06–56597, 06–56618.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2008.

Filed July 22, 2009.

James A. Bruen, Esquire, Farella Braun & Martel LLP, San Francisco, CA, Robert D. Shoecraft, Esquire, Shoecraft & Burton LLP, San Diego, CA, Derrick K. Watson, Assistant U.S., Office of the U.S. Attorney, Honolulu, HI, for Plaintiffs–Appellants.

Francis J. MacLaughlin, Esquire, Alice A. Seebach, Esquire, Seebach & Seebach, Los Angeles, CA, Mark J. Dillon, Gatzke Dillon & Ballance LLP, Carlsbad, CA, Thomas L. Van Wyngarden, Esquire, Chapman And Cutler LLP, Salt Lake City, UT, Barbara Suzanne Farley, Esquire, Piedmont, CA, Walter B. Hill, Jr., Esquire, Booth, Mitchel & Strange, Orange, CA, John J. Freni, Esquire, Richard Anthony Mahavier, Law Offices of R. Anthony Mahavier, San Diego, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, KLEINFELD and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Plaintiffs/Appellants Otay Land Co. and Flat Rock Land Co. (collectively, Otay), current owners of the subject property, challenge the district court's grant of summary judgment in favor of Defendants/Appellees, former owners/operators of the subject property. Otay alleged that the former owners/operators of a shooting range on the subject property were responsible under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and the Resource Conservation and Recovery Act (RCRA) for costs of removing lead and other pollutants deposited on the land. Otay also appeals the award of costs to Defendants/Appellees.

Defendants/Appellees United Enterprises, Ltd., United Enterprises, Inc., John T. Knox, Otay Ranch L.P., Baldwin Builders, Sky Communities, Inc., Sky Vista, Inc., Olin Corporation, Ray Enniss, Phil Scott, and Patrick Patek cross-appeal the district court's denial of attorneys' fees. Because no public agency has indicated the need for remediation of the subject property and Otay has not demonstrated a reliable basis for its claimed remedial costs, this case is not ripe for judicial review.

"Private parties have the burden of proving that cleanup costs associated with remedial actions are consistent with the National Contingency Plan to recover those cleanup costs under CERCLA." *Carson Harbor Vill., Ltd. v. County of L.A.*, 433 F.3d 1260, 1265 (9th Cir.2006) (citations omitted). "The National Contin-

gency Plan [ ] promulgated by the Environmental Protection Agency pursuant to CERCLA … is designed to make the party seeking response costs choose a *cost-effective* course of action to protect public health and the environment." *Id.* (citations and internal quotation marks omitted) (emphasis added). "[T]he National Contingency Plan requires that the party seeking recovery provide an opportunity for public comment and participation, conduct a remedial site investigation, and prepare a feasibility study." *Id.* at 1266 (citation omitted).

Otay's asserted clean-up costs are speculative and were calculated without regard to the requirements of the National Contingency Plan. Absent a reliable basis to determine the clean-up costs, Otay's action was premature. *See id.; see also Natural Res. Def. Council (NRDC) v. Abraham*, 388 F.3d 701, 705–07 (9th Cir. 2004) (concluding that case was not ripe where the parties advanced "abtruse and abstract arguments" regarding whether certain nuclear waste should be characterized as high-level or low-level waste); *Poland v. Stewart*, 117 F.3d 1094, 1104 (9th Cir.1997) ("An appellate court has a duty to consider *sua sponte* whether an issue is ripe for review …") (citation omitted). The plaintiffs also have not shown that the property, which no public agency has indicated needs remediation, currently poses "an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B); *see also Meghrig v. KFC W., Inc.*, 516 U.S. 479, 485, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996). Because this case is not ripe, we must vacate the district court's judgment and remand with direction to dismiss Otay's complaint. *See NRDC*, 388 F.3d at 703.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

692

Otay challenges the district court's award of costs to Defendants/Appellees primarily on the basis that Defendants/Appellees were not prevailing parties pursuant to Fed.R.Civ.P. 54(d). "Where the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919. Unlike Rule 54(d), § 1919 is permissive, allows the district court to award just costs, and does not turn on which party is the prevailing party." *Miles v. California*, 320 F.3d 986, 988 n. 2 (9th Cir.2003), *as amended* (internal quotation marks omitted). Accordingly, we remand this issue to the district court for determination pursuant to 28 U.S.C. § 1919. *See Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir.2007) ("[A] court may award attorneys' fees and costs even after dismissing for lack of jurisdiction.") (citations omitted).[1]

■ On cross-appeal, Defendants/Appellees challenge the district court's denial of their motion for attorneys' fees and costs pursuant to the RCRA. The district court properly denied the motion, as Otay's action was not "frivolous, unreasonable, or without foundation . . ." *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 240 (9th Cir.1995) (citation omitted). We affirm that portion of the district court's decision.

**AFFIRMED in part; VACATED and REMANDED in part. Each party shall bear its costs of appeal.**

KOZINSKI, Chief Judge, dissenting:

The majority holds that Otay's case isn't ripe because it failed to show that its clean-up actions are consistent with the National Contingency Plan. In the majority's view, this failure makes Otay's claims "speculative" and "premature." But we held in *Cadillac Fairview/California. Inc. v. Dow Chemical Co.* that the question of "whether a response action is necessary and consistent with the criteria set forth in the contingency plan is a factual one to be determined at the damages stage of a section 107(a) action. . . ." 840 F.2d 691, 695 (9th Cir.1988). Defendants must therefore wait until "trial to express their concern that the costs incurred by" the plaintiffs "were unnecessary or inconsistent with the national contingency plan." *Id.*

None of the defendants moved for summary judgment on ripeness, nor does the district court's order rest on it. See *Otay Land Co. v. United Enterprises, Ltd.*, 440 F.Supp.2d 1152, 1174 (S.D.Cal.2006) ("[T]he CERCLA action *may* not yet be ripe for determination, and therefore, subject to dismissal.") (emphasis added). Consequently, Otay never had the chance to produce evidence on the issue. It strikes me as unfair and inappropriate to dismiss plaintiff's case for failing to present proof when it had no notice proof was needed.

We should remand and give the plaintiff a chance to present evidence as to ripeness. If it has no such evidence, the case will be dismissed soon enough.

■

---

1. Otay also contends that the district court improperly rejected as untimely its motion to re-tax certain bills of costs. A party's challenge to cost awards may be forfeited if not properly filed in the district court. *See Walker v. California*, 200 F.3d 624, 625–26 (9th Cir.1999). Because we remand the award of costs for determination pursuant to 28 U.S.C. § 1919, we do not address this challenge.