**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARYLON MARIE BOYD, individually
and as Executor of the Estate of Cammerin
Boyd, deceased; et al.,

                Plaintiffs - Appellants,

  v.

CITY AND COUNTY OF SAN
FRANCISCO; et al.,

                Defendants - Appellees.

No. 08-16934

D.C. No. 3:04-cv-05459-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 23, 2010[**]

Before:    LEAVY, HAWKINS, and THOMAS, Circuit Judges.

   Marylon Boyd, Isabel Gonzales, and Kanani Boyd (collectively "plaintiffs")

appeal from the district court's post-trial award of costs to defendants as prevailing

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

parties in plaintiffs' civil rights action for excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion, *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003), and we affirm.

The district court did not abuse its discretion in finding that plaintiffs waived their right to challenge the award of costs.  Plaintiffs neither filed timely objections to defendants' bill of costs, nor met and conferred beforehand as required by then-applicable local rules.  *See* N. D. Cal. Civ. L.R. 54-2 (2008).  Moreover, they subsequently failed to comply with the deadline for filing a timely motion to review the clerk's taxation of costs.  *See* Fed. R. Civ. P. 54(d)(1) (2008); N.D. Cal. Civ. L.R. 54-5 (2008); *Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999) (per curiam) (party may demand judicial review of a cost award only if it filed a proper motion to review within five days after the clerk's notice of taxation of costs under former Federal Rule of Civil Procedure 54(d)(1)).

To the extent that we have discretion to consider plaintiffs' challenge to the costs award, we conclude that, on this record, they do not overcome the strong presumption favoring an award of costs to the prevailing party.  *See* Fed. R. Civ. P. 54(d)(1) ("Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (losing party must establish reason

to deny costs by overcoming "[t]he presumption [which] itself provides all the reason a court needs for awarding costs").

Plaintiffs' motion for judicial notice is granted. Their remaining contentions are unpersuasive.

**AFFIRMED.**