FILED

**NOT FOR PUBLICATION**

OCT 25 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL M. KIM,

        Plaintiff - Appellant,

  v.

THE BOEING COMPANY,

        Defendant - Appellee.

No. 11-35879

DC No. 2:10 cv-1850 RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 10, 2012[**]
Seattle, Washington

Before:    TASHIMA, M. SMITH, and CHRISTEN, Circuit Judges.

    Plaintiff-Appellant Michael Kim appeals the district court's order granting

Defendant-Appellee The Boeing Company's motion for summary judgment in a

whistleblower action brought under § 806 of the Sarbanes-Oxley Act of 2002

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

("SOX"), 18 U.S.C. § 1514A. Because the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Tides v. Boeing Co.*, 644 F.3d 809, 813 (9th Cir. 2011). We affirm.

SOX whistleblower claims are governed by a burden-shifting procedure under which a plaintiff is first required to make out a *prima facie* case of retaliatory discrimination. Then, "if the plaintiff meets this burden, the employer assumes the burden of demonstrating by clear and convincing evidence that it would have taken the same adverse employment action in the absence of the plaintiff's protected activity." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009). Because Boeing presented clear and convincing evidence of its belief that Kim had been insubordinate and was subject to discharge on that basis we need not reach the question of whether Kim made out a *prima facie* case. Although Kim denied that he was insubordinate, he presented no evidence giving a materially different account of his conduct. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment."). It was undisputed that Boeing warned

Kim that his failure to transfer could put his job in jeopardy.[1] His deposition testimony that he never received a direct order to transfer,[2] and that he would have obeyed such an order if he had received one is not material to the pertinent question of whether *Boeing* believed that Kim had been insubordinate and was subject to discharge on that basis. None of Kim's proffered evidence created a dispute of fact concerning whether Boeing would have terminated him for what it viewed as insubordination, regardless of any protected activity. Kim also failed to adduce any evidence that Boeing's directive that he change his job responsibility was an adverse employment action against him. Because Kim has failed to establish a causal connection between his whistleblower activity and Boeing's employment action, we need not reach Boeing's contention that the proposed transfer did not amount to an adverse employment action.

Therefore, the district court did not err in granting summary judgment to Boeing.

**AFFIRMED.**

---

[1] There is some dispute as to whether he was warned again at the September 17 meeting, but this is immaterial because he had been warned previously by e-mail.

[2] Boeing introduced significant documentary evidence showing that Kim was aware that he was expected to transfer, and Kim did not dispute the authenticity of this evidence.