FILED

NOT FOR PUBLICATION

JUL 27 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YESENIA GUITRON,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>WELLS FARGO BANK, NA; WELLS FARGO & COMPANY; PAM RUBIO,<br><br>Defendants - Appellees. | No. 13-16023<br><br>D.C. No. 4:10-cv-03461-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Submitted July 7, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Yesenia Guitron appeals the district court's summary judgment order in

favor of defendant, Wells Fargo Bank, dismissing her whistleblower action

brought under § 806 of the Sarbanes–Oxley Act of 2002 ("SOX"), 18 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1514A.  Guitron also seeks review of the clerk's bill of costs for $42,059.24.  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's grant of summary judgment *de novo*, and taxation of costs for abuse of discretion.  *Tides v. Boeing Co.*, 644 F.3d 809, 813 (9th Cir. 2011); *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 591–92 (9th Cir. 2000) (en banc).  We affirm the summary judgment order and vacate and remand the bill of costs.

SOX whistleblower claims are governed by "a burden-shifting procedure [under] which a plaintiff is first required to make out a prima facie case of retaliatory discrimination."  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009).  "[I]f the plaintiff meets this burden, the employer [then] assumes the burden of demonstrating by clear and convincing evidence that it would have taken the same adverse employment action in the absence of the plaintiff's protected activity."  *Id.*  Because we find Wells Fargo met its burden in showing it would have taken the same adverse employment action, we need not reach the question of whether Guitron made out a prima facie case.

Wells Fargo presented clear and convincing evidence that Guitron (1) failed to meet her quarterly sales goals,[1] (2) had been insubordinate to her direct manager, and (3) refused to return to work after Wells Fargo repeatedly informed her that she had only been placed on administrative leave and not fired. This evidence demonstrates that, even without Guitron's protected activity, Wells Fargo would have issued her verbal and informal warnings, placed her on administrative leave, and terminated her, respectively. *See Halloum v. Intel Corp.*, 24-IER-50, 2006 WL 618383, Final Decision and Order (Dep't of Labor SAROX Jan. 31, 2006), *aff'd*, 307 F. App'x 106, 107 (9th Cir. 2009); *Kim v. Boeing Co.*, No. C10-1850-RSM, 2011 WL 4437086 (W.D. WA. Sept. 23, 2011), *aff'd*, 487 F. App'x 356, 357–58 (9th Cir. 2012). Guitron has failed to create a genuine issue of material fact with respect to the facts surrounding her warnings, administrative leave, and subsequent termination. Therefore, we affirm the district court's summary dismissal of Guitron's SOX claim.

We vacate and remand the bill of costs with instructions to reduce the amount awarded to $18,675.70. Guitron sufficiently objected under the Northern

---

[1] Because Guitron admitted she did not meet her 2009 sales goals during her deposition, we agree with the district court's factual finding that Guitron failed to introduce evidence that Wells Fargo inconsistently implemented its personnel policies, or that others who performed similarly were not given such warnings.

District of California Local Rule 54-2 to preserve the bill of costs issue on appeal. *See* Fed. R. Civ. P. 54(d)(2)(D); N.D. Cal. Civ. R. 54-2, 54-4(b); *cf. Walker v. California*, 200 F.3d 624, 625–26 (9th Cir. 1999). And even assuming Guitron waived this issue when she did not to renew her objection by moving for review of the clerk's action under Federal Rule of Civil Procedure 54(d)(1), the equitable factors in this case favor amending the bill of costs. *See In re Hanover Nuclear Reservation Litig.*, 534 F.3d 986, 1007–08 (9th Cir. 2007) ("We have discretion, however, to overlook any waiver."); *Ass'n of Mexican–American Educators*, 231 F.3d at 592.[2]

Generally, "a party may demand judicial review of a cost award only if such party filed a proper motion within the [seven]-day period specified in [Federal Rule of Civil Procedure] 54(d)(1)." *Walker*, 200 F.3d at 626. Although *Walker* requires a Rule 54(d)(1) motion to prevent waiver on appeal, we find *Walker* distinguishable because the losing plaintiff there never objected to the clerk or the district judge until filing an appeal. *Id.* at 625. Here, Guitron objected to Wells

---

[2] We have previously considered the following factors in denying an award of costs: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) the public importance of the issues in the case; (5) the closeness and difficulty of the issues in the case; and (6) the merit of the plaintiff's case. *See Ass'n of Mexican–American Educators*, 231 F.3d at 592.

4

Fargo's requested bill of costs under Northern District of California Local Rule 54-2 by filing a ten-page objection, her declaration, and a declaration by her attorney averring to the "meet and confer" requirement of Local Rule 54-2(b). Considering Guitron's averment that she is a single mother of two children with limited financial resources; the significant difference between Wells Fargo's resources and Guitron's ability to pay; the chilling effect that taxing a SOX plaintiff over $42,000 could have on future SOX plaintiffs initiating meritorious claims; and that Guitron brought her claim in good faith, we vacate the clerk's taxation order and direct the district court to reduce the costs award to a total of $18,675.70.

**AFFIRMED** in part, **VACATED** and **REMANDED** in part with instructions that the district court amend its bill of costs to $18,675.70. The parties shall bear their own costs on appeal.