

FILED

**NOT FOR PUBLICATION**

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANETTE M. WALLIS, | No. 14-35448 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-00040-TSZ |
| v. | |
| BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted February 8, 2017
Seattle, Washington

Before: FISHER, PAEZ and CALLAHAN, Circuit Judges.

Burlington Northern Santa Fe Railway Company (BNSF) appeals the district

court's order awarding attorney's fees and non-taxable costs after a jury found in

favor of the plaintiff, Jeanette Wallis, on her claim under the Federal Railroad

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Safety Act. BNSF also appeals the clerk's taxation of costs. We have jurisdiction under 28 U.S.C. § 1291, we review for an abuse of discretion, *see Webb v. Ada Cty.*, 285 F.3d 829, 834 (9th Cir. 2002), and we affirm.

1.     BNSF waived appellate review of taxable costs by failing to appeal the clerk's award to the district court. *See Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999). Our decision in *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190 (9th Cir. 1964), is distinguishable because the plaintiff there appealed the clerk's order to the district judge. *See id.* at 222-23.

2.     BNSF's argument that the district court erred by failing to consider the amount of damages awarded compared to the amount Wallis sought is unpersuasive. The district court expressly recognized Wallis' limited success on her claims and gave sound reasons for declining to reduce the lodestar again on the basis of limited success, explaining that "the substantive basis of Plaintiff's claim centered on the record suspension she received and the imposition of 40 PPI points, the two unfavorable personnel actions that were presented to the jury and upon which Plaintiff prevailed." The court also cited *McCown v. City of Fontana*, 565 F.3d 1097 (9th Cir. 2009), where we recognized that "a comparison of damages awarded to damages sought is required," while also emphasizing that "the district court must consider the excellence of the overall result, not merely the

2

amount of damages won." *Id.* at 1103-04. Although it would have been preferable for the district court to have provided a clearer statement regarding the relationship between the relief sought to the relief obtained, the explanation offered here was adequate under the circumstances. The district court made clear that it "considered the relationship between the amount of the fee awarded and the results obtained." *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Nothing more was required. *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 225 (9th Cir. 2013) (holding there was no abuse of discretion where, although the district court did not "discuss the relationship that the damages awarded . . . had to the damages . . . sought," the district court's opinion made "clear that it was well aware of this relationship").

3.      BNSF's argument that the district court failed to properly account for Wallis' lack of success on her claim for punitive damages is unpersuasive as well. In calculating reasonable hours, the district court declined to subtract 55 hours devoted to Wallis' unsuccessful punitive damages claim, saying "there was sufficient evidence to go to the jury on the issue." We agree with BNSF that the inquiry under *Hensley*, 461 U.S. at 434, focuses on the results obtained in the litigation, not whether a claim was strong enough to survive summary judgment. But, as noted, the district court elsewhere adequately explained its reasons for declining to reduce the lodestar further based on limited success. BNSF's reliance

3

on *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805 (9th Cir. 1994), is misplaced. There, the district court "expressly refus[ed] to relate the extent of success to the amount of the fee award." *Id.* at 810. That did not occur here.

4.      BNSF argues Wallis was unsuccessful on central issues. The district court, however, was in the best position to assess whether the claims upon which Wallis prevailed were central to her case. The district court did not abuse its broad discretion in finding Wallis' "claim centered on the record suspension she received and the imposition of 40 PPI points, the two unfavorable personnel actions that were presented to the jury and upon which [she] prevailed."

5.      BNSF argues Wallis' "success was limited according to any measure," such that a further reduction in the lodestar for limited success was essentially mandatory here. We disagree. The district court reasonably concluded Wallis was successful on the central claim in her case. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have [her] attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440. Adjustments to the lodestar for limited success are committed to the district court's broad discretion. *See id.* at 436-37. The district court also may have concluded that this lawsuit achieved a

4

significant "public benefit" in deterring future violations of the Federal Railroad Safety Act. *See McCown*, 565 F.3d at 1105.[1]

6.      BNSF's argument that non-taxable costs should be reduced based on limited success fail for the same reasons as those discussed above.

* * *

The experienced district judge who decided this fee motion was intimately familiar with this case, having presided over summary judgment proceedings and an eight-day trial. The court was well positioned to assess the relationship between Wallis' success and her request for fees and costs. We agree with BNSF that in some instances the court's explanation could have been clearer. But the court's explanations were adequate, and the court neither relied on an incorrect legal rule nor applied the governing law in a manner that was illogical, implausible or without support in inferences that may be drawn from facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). The court therefore did not abuse its discretion.

**AFFIRMED.**

---

[1] Generally, however, a court's conclusions regarding a suit's public benefit should be stated on the record, so as to facilitate appellate review.