NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDIN S. CASTELLANOS, | No. 17-15034 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00272-JSW |
| v. | |
| JEREMY J. MAYA, ID #019799, individually and in his official capacity, as a Peace Officer for the California Highway Patrol, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 15, 2018[**]
San Francisco, California

Before: SCHROEDER, TORRUELLA,[***] and FRIEDLAND, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Juan R. Torruella, United States Circuit Judge for the First Circuit, sitting by designation.

Appellant Edin S. Castellanos ("Castellanos") sued Appellee Jeremy J. Maya ("Officer Maya") under 42 U.S.C. § 1983, bringing constitutional claims for—as relevant here—malicious prosecution, excessive force in violation of the Fourth Amendment, retaliation in violation of the First Amendment, and deliberate fabrication of evidence in violation of the Due Process Clause. The district court granted partial summary judgment in favor of Officer Maya on some of these claims, and a jury found in favor of Officer Maya on the rest. Castellanos appeals. We affirm.

1.      The district court properly granted summary judgment in favor of Officer Maya on Castellanos's malicious prosecution claim. The mere fact that Castellanos's account "conflicts with that of the law enforcement officers involved is not enough to defeat the presumption that [the] prosecutor exercise[d] independent judgment" in determining that probable cause existed to support the criminal charge. *Newman v. Cty. of Orange*, 457 F.3d 991, 996 (9th Cir. 2006). Instead, Castellanos needed to present further evidence that the "officers interfered with the prosecutor's judgment in some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges." *Id.* at 995.

Castellanos failed to present such evidence. Officer Maya testified in his deposition that Castellanos behaved in an unruly manner and failed to comply with

2

multiple commands. Officer Maya's sworn account, portions of which were confirmed by a fellow officer, was consistent with the police report supporting the charge against Castellanos under California Penal Code § 148(a). And as in *Newman*, any discrepancies in the officers' account did not "concern the conduct for which [Castellanos] was ultimately charged—resisting, obstructing, or delaying an officer," 457 F.3d at 996.

**2.** The district court properly granted summary judgment in favor of Officer Maya on the portion of Castellanos's First Amendment claim alleging that Officer Maya retaliated against him for initially requesting a blood test but ultimately refusing to sign the relevant consent form. "Intent to inhibit speech" was an element of this claim, and there was no evidence that Officer Maya "intended to interfere with [Castellanos's] First Amendment rights." *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (emphasis omitted) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 14 F.3d 457, 464 (9th Cir. 1994)). At best, there was a dispute of fact regarding whether Officer Maya was angry about the delay caused by Castellanos's change of heart—not whether Officer Maya intended to chill Castellanos' expression as such.

In any event, the jury "implicitly found" that Officer Maya did not propel Castellanos into the holding cell wall when it rejected Castellanos' First and Fourth Amendment claims at trial. *See Acosta v. City of Costa Mesa*, 718 F.3d 800, 810

3

& n.5 (9th Cir. 2013). The jury instructions made clear that those two claims turned on that one allegation. Because the alleged retaliatory action was the alleged pushing into the wall, and the jury found the pushing did not occur, any error in granting summary judgment in favor of Officer Maya on the blood-test portion of Castellanos's First Amendment retaliation claim was harmless.

**3.** The district court properly denied Castellanos's renewed motion for judgment as a matter of law on his Fourth Amendment claim.[1] Under Federal Rule of Civil Procedure 50(b), such a motion may not be granted unless "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). At trial, Officer Maya denied propelling Castellanos into the holding cell wall. The jury apparently believed Officer Maya and concluded that Castellanos—whose blood-alcohol content was more than double the legal limit—hit his head during the brief time between when Officer Maya exited the holding cell and when another officer entered it, perhaps by falling onto the bench or by trying to stand up, stumbling, and hitting some portion of the cell.

The record does not compel a contrary conclusion. The jury could have considered the discrepancy in the officers' testimony about whether Castellanos

---

[1] On appeal, Castellanos does not contend that he was entitled to judgment as a matter of law on his other claims.

was seated on the left or right bench but, consistent with their instructions, declined to decide that the discrepancy meant that Officer Maya's testimony must be false. Alternatively, the jury could have decided—as defense counsel argued during closing—that there was no discrepancy at all because Castellanos might have moved between the benches when the officers saw him, somehow injuring himself in the process.

**4.**    For much the same reason, the district court did not abuse its discretion in denying Castellanos's motion for a new trial. Under Federal Rule of Civil Procedure 59, such a motion may be granted only "if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) (quoting *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999)). None of those circumstances are present here. As Castellanos himself acknowledges, the case turned on whether the jury believed him or Officer Maya. The jury believed Officer Maya.[2]

---

[2] Castellanos is mistaken to maintain that it was misconduct for opposing counsel to advance an opposing version of the facts. Both officers testified that they did not see how Castellanos was hurt, but that does not mean that the only possible explanation for Castellano's injuries was Castellano's account.

5

**5.**     The district court properly excluded under Federal Rule of Evidence 403 testimony from Castellanos's criminal defense attorney that Castellanos refused to plead guilty to driving under the influence in exchange for dismissal of the § 148(a) charge[3] unless the prosecutor stipulated that Castellanos was factually innocent on the latter charge. Allowing the testimony would have given Officer Maya the right to rebut it by, for example, calling the prosecutor to explain his or her position in the plea negotiations. That would have indeed, as the district court put it, "open[ed] up a complete Pandora's box." The risk of wasting time and confusing the jury substantially outweighed whatever probative value the testimony from Castellanos's attorney might have had.

Castellanos also argues that the district court erred by limiting the testimony of his police practices expert and not admitting various materials the expert used to arrive at his opinions. But Castellanos argues only that the excluded testimony (and presumably the excluded materials) "would have assisted the jury in its tasks per [Federal Rule of Evidence] 702." He fails to explain why, and we fail to see how, any error in this regard "more likely than not affected the verdict," *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) (quoting *United States v.*

---

[3] The district court properly excluded evidence of Castellanos's acquittal on the § 148(a) charge. *See, e.g.*, *Sloman v. Tadlock*, 21 F.3d 1462, 1471 (9th Cir. 1994).

*Angwin*, 271 F.3d 786, 798 (9th Cir. 2001)). So even if there had been error, it was harmless.[4]

**6.**    We decline to disturb the award of costs in favor of Officer Maya. "[A] party may demand judicial review of a cost award only if such party has filed a proper motion," *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999), within seven days, Fed. R. Civ. P. 54(d)(1). Even if we "were to construe [Castellanos's] Notice of Appeal as a motion for review," *Walker*, 200 F.3d at 626, Castellanos still moved too late. Officer Maya emphasized this lapse in his answering brief, but Castellanos offered no response in his reply brief, let alone a convincing argument for excusing his failure to file a timely motion. Castellanos has thus waived any such argument.

**AFFIRMED**.

---

[4] In his opening brief, Castellanos challenged two jury instructions and a portion of the special verdict form. But rather than arguing that these alleged errors warrant reversal, Castellanos made clear that he was seeking only "guidance to the parties and the [district court]" on these issues in the event of a new trial. Because we decline to order a new trial, we decline to consider these arguments.