NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUDY LONG,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>ALAMEDA UNIFIED SCHOOL DISTRICT,<br><br>    Defendant-Appellee. | No. 18-16131<br><br>D.C. No. 3:16-cv-06279-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted March 12, 2019[**]

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Judy Long appeals pro se from the district court's summary judgment in her

employment action alleging race discrimination claims under Title VII and

California's Fair Employment and Housing Act ("FEHA"). We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment because Long failed to raise a genuine dispute of material fact as to whether Alameda Unified School District's ("AUSD") legitimate, non-discriminatory reasons for its actions were pretextual.  *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2002) (discussing elements and burden-shifting framework of a discrimination claim under Title VII and explaining that evidence of pretext must be specific and substantial); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA"), *abrogated on other grounds by Nat'l Ass'n of African Am.-Owned Media v. Charter Commc'n, Inc.*, 915 F.3d 617 (9th Cir. 2019).

The district court did not abuse its discretion in excluding under the "sham affidavit rule" Long's evidence concerning an alleged phone call she received because this evidence contradicted Long's prior deposition testimony.  *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (standard of review); *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009) (explaining sham affidavit rule).

Long has waived her challenge to the district court's cost award because

Long failed to move the district court to review the award. *See Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) (explaining that "a party may demand judicial review of a cost award only if such party . . . moved the district court to review the award.").

We reject as without merit Long's contentions that the district court failed to consider her evidence.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Long's requests that AUSD and Stanford University be required to "validate," "verify," or submit various information, set forth in her opening and reply briefs, are denied.

AUSD's motions to strike (Docket Entry Nos. 10 and 20) are denied as moot.

**AFFIRMED.**