NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL RHINE,

        Plaintiff-Appellant,

  v.

PETE BUTTIGIEG, United States Secretary
of Transportation,

        Defendant-Appellee.

No.   23-35252

D.C. No. 2:20-cv-01761-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted January 14, 2025[**]

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges

Daniel Rhine appeals pro se from the district court's summary judgment in his

action against the Federal Aviation Administration ("FAA") under Title VII of the

Civil Rights Act of 1964. Rhine alleges claims for disparate treatment, retaliation,

and hostile work environment arising from the FAA's decision to terminate his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

employment following an investigation into his conduct. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 646 (9th Cir. 2021). We affirm.

The district court properly granted summary judgment on Rhine's disparate-treatment claim because he failed to raise a triable dispute as to whether individuals outside his protected class were treated more favorably, or whether the FAA's legitimate, non-discriminatory reasons for terminating his employment were pretextual. *See Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (explaining that to a claim for disparate treatment requires a plaintiff to show that "(1) she belongs to a protected class, (2) she was qualified for the position in question, (3) she was subject to an adverse employment action, and (4) similarly situated individuals outside her protected class were treated more favorably"; if the plaintiff does so, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct, and then to the plaintiff to show that the reason is pretextual (citation omitted)).

The district court properly granted summary judgment on Rhine's retaliation claim because Rhine failed to raise a triable dispute as to whether the FAA acted in retaliation for any protected activity. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) ("In order to make out a prima facie case of retaliation, a plaintiff must show that (1) she was

engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." (citation omitted)).

The district court properly granted summary judgment on Rhine's claims for hostile work environment and retaliatory hostile work environment because Rhine failed to raise a triable dispute as whether he was subjected to severe or pervasive verbal or physical conduct sufficient to create an abusive working environment. *See Fried*, 18 F.4th at 647 (explaining that a claim for hostile work environment requires a plaintiff to show that "(1) he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment"); *Ray v. Henderson*, 217 F.3d 1234, 1244-45 (9th Cir. 2000) (recognizing a separate cause of action for a retaliatory hostile work environment).

Rhine has waived appellate review of the magistrate judge's decision to exclude testimony by Rhine's expert witness Brian Sawyer by failing to object to the order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to object to a magistrate judge's nondispositive order is barred from pursuing appellate review of that order.").

Rhine has waived appellate review of the clerk's award of costs by failing to object as permitted by Rule 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1); *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) ("[W]e hold that a party may demand judicial review of a cost award only if such party has filed a proper motion within the . . . period specified in Rule 54(d)(1).").

The record does not support Rhine's contention that the district court failed to conduct a de novo review of the record.

**AFFIRMED.**