NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICE HELEN BROWN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> Police Officer ETHAN MILLER, <br><br> Defendant - Appellee, <br><br> and <br><br> STATE OF CALIFORNIA, COUNTY OF DEL NORTE, CITY OF CRESCENT CITY, Crescent City Manager ERIC WIER, CRESCENT CITY POLICE DEPARTMENT, Chief of Police IVAN MINSAL, GOVERNOR OF CALIFORNIA, <br><br> Defendants. | No. 24-2521 <br><br> D.C. No. 3:18-cv-07826-VC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted March 19, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Alice Helen Brown appeals pro se from the district court's judgment following a jury trial on her 42 U.S.C. § 1983 action alleging that a traffic stop violated the Fourth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the exclusion of evidence for abuse of discretion, *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000) (per curiam), and affirm.

The district court did not abuse its discretion by excluding Brown's evidence regarding race, including Brown's driver's license and prior encounters with other unrelated law enforcement, from the liability phase of the trial. The evidence was not relevant to the Fourth Amendment claim, which depended on whether there was an objectively reasonable basis for the traffic stop, not on any subjective motivation the officer is alleged to have had. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he constitutional reasonableness of traffic stops" under the Fourth Amendment does not "depend[] on the actual motivations of the individual officers involved.").

Brown waived her challenge to the bill of costs by not raising the issue in district court pursuant to Federal Rule of Civil Procedure 54(d)(1). *See Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) (per curiam) (failure to object to a bill of costs before the district court waives the right to challenge the award on appeal).

24-2521

We decline to consider other issues not properly raised in the opening brief or in district court. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).[1]

**AFFIRMED.**

---

[1] We do not consider Brown's dissatisfaction with her own trial attorney's performance in district court.